47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bryan Dalan JACQUAY, Plaintiff-Appellant,
v.
Gary D. MAYNARD, Warden; Oklahoma Board of Corrections;
Ron Champion, Warden; Defendants-Appellees.
 No. 94-5124.
(D.C. No. 91-C-896-E)
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Jacquay appeals from the district court's grant of summary judgment in favor of defendant prison authorities on his 42 U.S.C.1983 civil rights claim. He challenged the prison policy of banning and confiscating "Dungeons and Dragons" game material. We had the district court's hearing on the summary judgment motion transcribed and supplemented the record. The transcript as well as a Warden's affidavit indicate that the material could constitute a security risk because it encourages aggressive behavior through role-playing and the game characters may be used as tattoo patterns. See I R. doc. 41, attach. D. Although we are conscious of an inmate's limited First Amendment interest in the material, we are satisfied that under Thornburgh v. Abbott, 490 U.S. 401, 414-19 (1989) and Turner v. Safley, 482 U.S. 78, 89-90 (1987), a complete ban on the material is reasonably related to prison safety and should be upheld on this record. The ban is content neutral because it is based solely on security concerns. Mr. Jacquay retains a right of access to other outside publications. A complete ban on this game material strikes us as the only practical means of restricting access; thus, the determination by defendant prison authorities should not be set aside.
 
 
 2
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument